**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | | |
|---|---|---|
| JONATHAN C. CRAVENS and THRESSA CRAVENS, | * * * | |
| Plaintiffs | * | |
| V. | * * | NO: 4:10CV01511 SWW |
| NEW CENTURY MORTGAGE COMPANY; ET AL. | * * * | |
| Defendants | | |

**ORDER of REMAND**

Plaintiffs filed this action in Arkansas state court, seeking to enjoin a statutory foreclosure sale, and Defendants removed the case, alleging original federal subject matter jurisdiction based on the existence of a federal question. For reasons that follow, the Court finds that it lacks subject matter jurisdiction over this action. The Court therefore remands the case back to the state court from which it was removed, pursuant to 28 U.S.C. § 1447(c).

On September 13, 2010, Plaintiffs commenced this action in state court seeking to stop a statutory foreclosure sale, which was subsequently cancelled, and a declaration that a mortgage assignment and limited power of attorney are void and invalid. On October 18, 2010, Defendants removed the case to federal court on the premise that Plaintiffs' cause of action arises under federal law–specifically the National Housing Act ("NHA").

Plaintiffs' initial and amended pleadings charge that Defendants commenced a non-judicial foreclosure in contravention of Arkansas law governing non-judicial foreclosures, Ark. Code Ann. §§ 18-50-101 through 117. The only mention of the NHA in Plaintiffs' initial

pleading and amended complaint is an allegation that Defendants failed to comply with Title 12 U.S.C. § 1701x(c)(5). *See* docket entry #2, ¶ 57; docket entry #11, ¶ 57. Title 12 U.S.C. § 1701x authorizes the Secretary of Housing and Urban Development to provide counseling and advice regarding financial management and other matters to qualified homeowners. Section 1701x(c)(5), the provision cited in Plaintiffs' pleadings, requires that private lenders advise borrowers of any home ownership counseling offered by the lender.

"'A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997)(quoting *Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996)). The Court finds that neither basis for federal question jurisdiction is met in this case.

First, it is clear that federal law does not supply Plaintiff's cause of action. The NHA, which governs relations between mortgagees and the government, provides no express private cause of action for a mortgagee's noncompliance and gives mortgagors no enforceable rights or remedies. Courts have consistently rejected the notion that either the NHA or related HUD regulations confer an implied private right of action. See *Zendejas v. GMAC Wholesale Mortg. Corp.* 2010 WL 2629899, 4 (E.D. Cal., 2010); *Baker v. Northland Mortgage Co.,* 344 F. Supp. 1385 (N.D. Ill. 1972)); *Wells Fargo Home Mortgage, Inc. v. Neal,* 398 Md. 705, 922 A.2d 538, 543-44 (Md. 2007) (collecting cases finding no private right of action under the NHA). Second, Plaintiffs' suit to enjoin a foreclosure sale and declare certain transfers void arises under state law, and no disputed question of federal law is a necessary element of their claims. Whether

Defendants complied with notice requirements under § 1701x(c)(5) is merely a collateral issue that does not transform this action into a federal case.

For the reasons stated, this action is hereby REMANDED to the Circuit Court of Pulaski County, Arkansas pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED THIS 3RD DAY OF MARCH, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE